38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alan Charles SWANSON, Defendant-Appellant.
 No. 93-2603.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: MILBURN, DAUGHTREY, and WEIS,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Pursuant to a plea agreement with the government, the defendant-appellant, Alan Swanson, pleaded guilty to a charge of knowingly and willingly making his premises available for the manufacture, storage, and distribution of methcathinone, a Schedule I controlled substance. He was sentenced by the district court to 33 months in prison, followed by three years of supervised release, and was ordered to pay a $50 special assessment. Swanson was the beneficiary of downward departures and reductions totalling seven levels, for acceptance of responsibility and cooperation with government investigators. Moreover, Swanson acknowledges that he received everything he was promised in his plea agreement with the government. Nevertheless, he argues on appeal that the district court erred in failing to make an additional downward departure from the sentencing range under the discretionary provisions of USSG Sec. 5K2.0. For the reason set out below, we conclude that this issue is not cognizable on appeal.
 
 
 2
 As the government points out, binding precedent in this circuit holds that a court's refusal to depart downward "is not reviewable on appeal when the district court properly computes the Guidelines range, imposes a sentence that is not illegal or did not result from an incorrect application of the Guidelines range, and is not unaware that it had discretion to depart from the Guidelines range." United States v. Vincent, 20 F.3d 229, 239, (6th Cir.1994) (citing United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990)). In this case, the district court's computation was indisputably correct and the sentence imposed was not illegal. Moreover, the defendant's argument that the district court was not aware of its discretion to depart downward under USSG Sec. 5K2.0 is not supported by the record.
 
 
 3
 The transcript of the sentencing hearing establishes that the district judge heard arguments concerning this issue, by both defense counsel and the Assistant U.S. Attorney, before exercising his discretion not to allow an additional departure for "mitigating circumstances of a kind, or to a degree, not adequately taken into consideration" in the sentencing guidelines. USSG Sec. 5K2.0. Furthermore the record does not reflect any "confusion" between this guideline and that found in USSG Sec. 3B1.2 (permitting a departure for minimal participation) on the district judge's part, in flat contradiction to the defendant's contention on appeal. Hence, there is no exception to the rule in Vincent and Davis that would confer jurisdiction on this court to review the single question presented on appeal.
 
 
 4
 The appeal is, therefore, DISMISSED for lack of jurisdiction.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation